THE STATE OF OHIO, APPELLANT, *v.* GOODIN, APPELLEE.

(No. 78-49—Decided December 8, 1978.)

Mr. *Simon L. Leis, Jr.,* prosecuting attorney, Mr. *Fred J. Cartolano* and Mr. *Leonard Kirschner,* for appellant.

Mr. *C. R. Beirne,* Mr. *Robert G. Stachler* and Mr. *James N. Perry,* for appellee.

LEACH, C. J. In view of references in the record to a "slush fund" and to appellee having "extracted money" from his junior officers," together with references in appellant's brief to "kickbacks or money in return for the granting of permission for certain types of outside employment" etc., it should be observed at the outset that the offenses charged in the indictment are not based upon any claim of illegality in the admitted receipt by the police chief of certain moneys paid to him by his junior officers; nor is any claim made that the expenditure of such moneys, for whatever purpose, constituted a violation of any Ohio criminal statute. The issues before this court are confined to whether, in the words of Crim. R. 29(A), the evidence is insufficient to sustain a conviction for the offenses charged, *i. e.,* (1) tampering with evidence, and (2) perjury.

I.

The first count of the indictment charges that appellee, knowing an official investigation was in progress, "did present to" the grand jury "a certain record * * * knowing it to be false and with purpose to corrupt the outcome of such grand jury investigation" in violation of R. C. 2921.-12.[1]

---

[1] R. C. 2921.12 reads as follows:

"(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:

"(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation;

"(2) Make, present, or use any record, document, or thing, knowing it to be false and with purpose to mislead a public official who is or may be engaged in such proceeding or investigation, or with purpose to corrupt the outcome of any such proceeding or investigation.

"(B) Whoever violates this section is guilty of tampering with evidence, a felony of the third degree."

With respect to the sufficiency of the evidence as to the charge of tampering with evidence, the Court of Appeals concluded that there was "no evidence that Goodin exercised any control over the actual making" of the record which Beyer presented to the grand jury and no evidence as to appellee's "knowledge as to the contents as to what Beyer did present." On this basis, the Court of Appeals, applying the test set forth in the syllabus of *State* v. *Kulig* (1974), 37 Ohio St. 2d 157, concluded that only circumstantial evidence had been adduced by the prosecution, none of which could be considered to be inconsistent or irreconcilable with any reasonable theory of appellee's innocence on the charge of tampering with evidence; and thus appellee's motion for aquittal should have been granted by the trial court.

It is claimed by the prosecution that the Court of Appeals, in so ruling, substituted itself for the jury and that this court's holding in *Kulig* is distinguishable upon the basis that in that case "a serious lack of evidence, direct or circumstantial" was found. *Id.*, at page 159.

A detailed study of the record herein reveals a similar lack of any evidence, either direct or circumstantial, which would warrant the finding of guilt as to the first count of indictment—the charge of tampering with evidence in violation of R.C. 2921.12.

We conclude from the examination of the record that the evidence produced as to count one fails to attain "that high degree of probative force and certainty which the law demands to support a conviction." See *State* v. *Urbaytis* (1951), 156 Ohio St. 271, paragraph four of the syllabus. See, also, *State* v. *Petro* (1947), 148 Ohio St. 473; *State* v. *Murphy* (1964), 176 Ohio St. 385; and *State* v. *Kulig, supra* (37 Ohio St. 2d 157).

Neither a trial court nor an appellate court may abdicate its responsibility to enter a judgment of acquittal when the evidence is legally insufficient to sustain a conviction. We, therefore, affirm the judgment of the Court of Appeals reversing appellee's conviction for violation

of R. C. 2921.12, and ordering his final discharge therefrom.

## II.

The second count of the indictment charges that appellee (together with Beyer and Simon) did on December 17, 1975 "knowingly make a false statement" to the Hamilton County grand jury "in an official proceeding," which statement was made "under oath and material to said proceeding," in violation of R. C. 2921.11.

R. C. 2921.11, in pertinent part, reads:

"(A) No person, in any official proceeding, shall knowingly make a false statement under oath * * * when * * * [such] statement is material.

"(B) A falsification is material, regardless of its admissibility in evidence, if it can affect the course or outcome of the proceeding. * * *

" * * *

"(D) Where contradictory statements relating to the same material fact are made by the offender under oath * * * within the period of the statute of limitations for perjury, it is not necessary for the prosecution to prove which statement was false, but only that one or the other was false.

"(E) No person shall be convicted of a violation of this section where proof of falsity rests solely upon contradiction by testimony of one person other than the defendant."

R. C. 2921.11 was enacted as a part of a major revision of the Ohio Criminal Code, which became effective January 1, 1974. From 1929 until 1974 the statute on perjury (G. C. 13444-22, recodified as R. C. 2945.62) provided that perjury "must be proved by the testimony of two witnesses, or of one witness and corroborating circumstances." Prior to the adoption in Ohio of any statute concerning requirements of proof for a conviction of perjury, this court had held in the syllabus in *State* v. *Courtright* (1902), 66 Ohio St. 35, that:

"It is a general rule, that to warrant a conviction

444

under an indictment for perjury, there should be at least one witness to the *corpus delicti*, or the falsity of the matter assigned as perjury, and that the testimony of such witness be corroborated, either by another witness, or by circumstantial evidence sufficiently strong to satisfy the jury beyond a reasonable doubt of the. guilt of the accused.''[2]

The Court of Appeals was divided in considering whether the repeal of R. C. 2945.62 and the enactment of R. C. 2921.11, effective January 1, 1974, has changed, in any substantial way, the requirements of proof in order to support a conviction of perjury.

The majority, relying in large part upon *Courtright*, concluded that perjury could never be proved by evidence which was *entirely* circumstantial. The majority interpreted the language of the present statute to be "little more than a rewording of past statutes, such that the means of proving perjury is stated in a negative rather than in a positive manner," and concluded that it could find nothing in the language of the present statute intended to change the law as previously announced in *Courtright*.

One member of the Court of Appeals, relying in large degree upon a Committee Comment as to the import of R. C. 2921.11[3] and upon certain statements contained in the comments of the Reporter with reference to Section 241.1(6) of the Model Penal Code, drafted in 1957,[4] concluded that the falsity of the statement made by the accused need not necessarily be proved by direct evidence but

---

[2]Originally the common law rule had required two witnesses of falsity, but it appears to be fully recognized in modern times that one witness is sufficient if corroborated by other facts and circumstances.

[3]The Committee Comment to R. C. 2921.11 reads in part:

"Under former law, perjury could not be proved except upon the testimony of two witnesses, or upon the testimony of one witness plus corroborating circumstances. This section narrows the requirement for corroboration by stating merely that conviction is precluded where proof that the statement involved was false depends entirely on its contradiction by one person other than the defendant."

[4]Model Penal Code (Tent. Draft No. 6, 1957), Section 208.20, Comment at page 100. (Section 208.20[6] was renumbered as Section 241.1[6] in the final and official draft of the Model Penal Code.)

may be proved *solely* by circumstantial evidence.

From a study of the record it clearly appears that there was no direct evidence that the statements made under oath by appellee on December 17, 1975, were false. No one testified that appellee did not, in fact, turn the moneys over to Beyer, that Beyer did not give it to Simon, or that Simon did not utilize it for support of an informant. Thus the evidence directed toward proving the falsity of the sworn statement was entirely circumstantial.

A study of the 1957 comments accompanying the proposed Model Penal Code on perjury indicates that while the advisory committee recommended "elimination of the corroboration rule," the Reporter continued "to favor retention of some special proof safeguards" in the requirements of proof of perjury. In the final adoption of the Model Penal Code, the Reporter's position prevailed.

The rule that circumstantial evidence *alone* is *never* sufficient to prove perjury has continued to be the majority rule even including those states which, like Ohio, have adopted the Model Penal Code for perjury. See Annotation, Conviction of perjury where one or more elements is established solely by circumstantial evidence, 88 A. L. R. 2d 852.

Under the facts of the cause *sub judice,* however, the question of whether circumstantial evidence alone is *never* sufficient to warrant a conviction for perjury need not be determined.[5]

The opinion of the majority of the Court of Appeals concluded, and in our opinion correctly, that even if the statute were to be construed as not necessarily precluding a conviction for perjury on evidence which is solely circumstantial, the state's proof herein nevertheless was still in-

---

[5]This question is further complicated by the fact that legal writers do not always agree as to whether certain evidence should be classified as "direct" or "circumstantial." It would appear, however, that if conviction of perjury be permitted based solely upon circumstantial evidence, this evidence from a qualitative standpoint should be substantially equivalent to that which would be adduced by a single witness giving direct testimony of falsity, coupled with some corroboration.

sufficient for conviction. Essentially the evidence on behalf of the state merely showed that the sworn statements made by appellee under oath before the grand jury were in conflict with statements he allegedly had made, not under oath, on prior occasions.

Where a statement made under oath is necessarily in conflict with a statement or statements not made under oath, obviously one or the other is false. Recognizing, however, that by any interpretation of R. C. 2921.11 conviction of perjury is placed on a different plane than that of other crimes, we think it clear that proof of perjury can not be made merely by showing a necessary conflict with statements not made under oath. As noted by the Court of Appeals for Cuyghoga County in *Richardson* v. *State* (1933), 45 Ohio App. 46, there is a rebuttable presumption that one told the truth under oath, and thus the state is not entitled to conviction for perjury merely on proof that statements under oath were at variance with previous unsworn statements. See, also, 60 American Jurisprudence 2d 1004, Perjury, Section 62.

Subparagraph (D) of R. C. 2921.11 now permits conviction of perjury by proof of contradictory statements relating to the same material fact *when each is made under oath*, thus dispensing with the basic requirement that the prosecution prove *which statement* was false. Such rule and its underlying rationale have no application to a case, such as here, where the statement made under oath conflicts with those which were not made under oath. We conclude, therefore, that the requirements of proof for conviction of perjury under R. C. 2921.11 have not been met.

This court, therefore, also affirms the judgment of the Court of Appeals reversing appellee's conviction for perjury under R. C. 2921.11 and ordering his final discharge therefrom.

*Judgment affirmed.*

W. Brown, P. Brown, Sweeney and Locher, JJ., concur.

Herbert and Celebrezze, JJ., concur in paragraph one of the syllabus.