THE STATE OF OHIO, APPELLEE, *v.*
WOODY, APPELLANT.

(No. C-850399 — Decided
February 19, 1986.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Paul R. Markgraf,* for appellee.

*James A. Rader,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Defendant-appellant, Larry Woody, was indicted by the Grand Jury of Hamilton County on one count of theft, in violation of R.C. 2913.02(A)(1). The record reveals that on August 21, 1984, appellant rented, from the U-Haul Company in Cincinnati, a trenching machine, a trailer and a trailer hitch. The equipment was to be returned the following day. When it was not returned, the manager of the U-Haul store made repeated attempts to contact appellant, all of which were unsuccessful. The manager then notified the Hamilton County Sheriff's Department, which finally located the equipment and arrested appellant.

In the trial of the case to the court below sitting without a jury, the state requested, after defense counsel's closing argument, that the indictment be amended from a charge under R.C. 2913.02(A)(1), to a charge under R.C. 2913.02(A)(2). The court permitted the amendment over defense counsel's objection. Appellant was found guilty and he was sentenced as appears of record. From that judgment, appellant brings this timely appeal, in which he asserts in a single assignment of error that the trial court committed prejudicial error in permitting the indictment to be amended. We agree.

Amendment of an indictment is governed by Crim. R. 7(D), the pertinent part of which states that "[t]he court may at any time before, during, or after a trial amend the indictment * * *, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.* * *"

R.C. 2913.02, the theft statute, provides in pertinent part as follows:

"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

"(1) Without the consent of the owner or person authorized to give consent;

"(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent[.]"

The original indictment in the case *sub judice* alleges a taking "without the consent of" the owner under subsection (A)(1), and the amended indictment alleges a taking "beyond the scope of" the owner's consent under subsection (A)(2). We determine that the two provisions contain different elements, because each requires proof of a fact which the other does not. See *Blockburger* v.

*United States* (1932), 284 U.S. 299, 304. We therefore conclude that the amendment of the indictment changed the identity of the crime charged, in contravention of Crim. R. 7(D). Appellant's assignment of error is sustained. The judgment of the court below is reversed, and appellant is ordered discharged.

*Judgment reversed and appellant discharged.*

BLACK, P.J., DOAN and HILDEBRANDT, JJ., concur.