OPINION
This case involves the alleged theft of a $1.65 bowl of oatmeal. On June 10, 1999, defendant, James White, and his friend, Sean Booker, entered a Tee Jaye's restaurant on South Hamilton Road in Whitehall. Once seated, defendant ordered a large breakfast meal, which included a bowl of oatmeal.
The record indicates that the defendant specifically asked his waitress, Kathy Rowland, for a larger portion of oatmeal than is regularly served. This request led to a discussion between the defendant and Ms. Rowland, which ended in a misunderstanding by both individuals. While the defendant believed that he would be served a larger portion of oatmeal, Ms. Rowland believed that defendant merely wanted the regular portion served in a larger bowl. In any event, the oatmeal did not meet with the defendant's approval, and his dissatisfaction and unwillingness to pay for the order was ultimately conveyed by Ms. Rowland to Whitehall police officer, Chad Huntzinger. Officer Huntzinger was eating breakfast at the restaurant while on duty that morning.
At Ms. Rowland's request, Officer Huntzinger approached the defendant as he prepared to pay his bill. While the defendant willingly paid for the portion of his meal he had consumed, he again refused to pay for the oatmeal, noting that the quantity and quality did not meet his expectations. Ultimately, Huntzinger asked the defendant to follow him to the Whitehall police station so that he could issue the defendant a citation and summons for petty theft. The defendant did so, and was ultimately convicted of theft. Thereafter, the court imposed a fifty dollar fine, plus court costs. Defendant now appeals, raising the following assignment of error:
 The trial court erred when it entered judgment against the defendant on the charge of petty theft when the judgment was against both the weight and sufficiency of the evidence presented when there was no proof to show that the defendant obtained or exerted control over property without the consent of the owner or person authorized to give consent.
Sufficiency and weight of the evidence are distinct legal concepts to which different tests apply. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. Sufficiency is synonymous with adequacy. When reviewing a conviction which is challenged as not supported by sufficient evidence, the evidence must be construed in a light most favorable to the prosecution, and the reviewing court must determine whether any rational trier of fact could have found each of the essential elements of the crime proven beyond a reasonable doubt. State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported.
 "Sufficiency" of the evidence refers to its logical capacity to demonstrate both the criminal conduct and the culpable mental state that the alleged criminal liability requires. The test is whether all or some part of the evidence that was admitted in the trial would, if believed, convince the average mind beyond a reasonable doubt that the defendant is guilty of committing the offense charged. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. * * * [State v. Bradley (Dec. 24, 1997), Champaign App. No. 97 CA 03, unreported.]
A challenge to the sufficiency of the evidence attacks whether the prosecution has presented adequate evidence on each element of the offense. Thompkins, supra. The proper test to apply on appeal is set forth in State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus. Therein the Ohio Supreme Court stated:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
If, upon review, it is found that a conviction was based upon legally insufficient evidence, the conviction constitutes a denial of due process, and retrial of the offense is barred.
In this case defendant was charged with violating Whitehall Ordinance 537.07(A)(1). That ordinance provides:
 (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 (1) Without the consent of the owner or person authorized to give consent; * * *
Construing the evidence presented in a light most favorable to the prosecution, it is clear that the facts of this case are insufficient to establish the essential elements necessary to uphold the defendant's conviction for theft. In order to sustain the defendant's conviction as charged, the prosecution was required to present evidence, demonstrating beyond a reasonable doubt, that the defendant knowingly obtained the bowl of oatmeal without the consent of Tee Jaye's restaurant. In this case there is absolutely no question that defendant obtained possession of the bowl of oatmeal with the consent of Tee Jaye's. The testimony is uncontroverted that the defendant asked Ms. Rowland for an order of oatmeal, which was then freely given to him. Whitehall Ordinance 537.07(A)(1), and the equivalent R.C.2913.02(A)(1), prevent the obtaining of the property of another without the owner's consent. See State v. Burrows (1992),80 Ohio App.3d 404 (evidence did not support bookkeeper's conviction for theft of her employer's funds under an indictment requiring the absence of consent, as the bookkeeper had been authorized by the employer to handle receipts); State v. Woody (1986),29 Ohio App.3d 364; State v. Mehozonek (1983), 8 Ohio App.3d 271 (an essential element of the crime of theft is the victim's lack of consent); State v. McGhee (1996), 113 Ohio App.3d 208 (defendant's act of depositing a check drawn on a closed account, and then withdrawing the funds from the new account did not constitute theft, as the bank clearly allowed the defendant to make the withdrawals, even though the evidence may have established that the defendant committed theft by deception).
As the prosecution in this case failed to present evidence sufficient to support a conviction on the charged offense, we find defendant's assignment of error to be well-taken.
For these reasons, defendant's assignment of error is sustained, the judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court for further proceedings in accordance with law, consistent with this opinion.
BROWN and TYACK, JJ., concur.