JOURNAL ENTRY AND OPINION
Defendant-appellant, Dennis Doss, appeals the judgment of the Cuyahoga County Court of Common Pleas finding him guilty after a jury trial of breaking and entering, in violation of R.C. 2911.13(B), and possession of criminal tools, in violation of R.C. 2923.24, and sentencing him to the maximum term of incarceration, twelve months, on each count. For the reasons that follow, we vacate appellant's conviction.
On August 30, 1999, the Cuyahoga County Grand Jury indicted appellant on one count of breaking and entering, in violation of R.C. 2911.13(A), and one count of possession of criminal tools, in violation of R.C.2923.24.
A jury trial commenced on September 21, 1999. The state presented the testimony of four witnesses. Cleveland Police Officer Gregory Cornett testified that at approximately 12:03 a.m. on June 23, 1999, he and his partner, Officer Walter Truxel, were in their patrol car, parked in the parking lot of The Glass Doctor, located on Euclid Avenue in Cleveland, Ohio. Officer Cornett heard a noise like a fence shaking or rattling, looked across the street, and observed a shadowy figure walking inside the eight-foot, chain-link fence that surrounds the parking lot of G M Towing Company.
Officers Cornett and Truxel drove over to G M Towing to investigate. Truxel dropped Cornett off outside the fence at the rear of G M Towing and then drove around to the front of the building to check with the dispatcher regarding whether anyone was authorized to be inside the fence at that time. Truxel subsequently advised Cornett by radio that no one was authorized to be inside the fence; Cornett then informed Truxel that he had seen a man running northbound in the parking lot.
Cornett testified that as he was waiting outside the fence, a man suddenly jumped over the fence, ran to a ten-speed bicycle, jumped on it and started riding away. Cornett broadcast this information over his radio and subsequently, several officers who were patrolling in zone cars nearby apprehended appellant.
Cleveland Police Officer Walter Truxel testified that after dropping Cornett off at the rear of G M Towing, he checked with the G M Towing Company dispatcher regarding whether anyone was authorized to be inside the G M Towing parking lot. After learning that no one was authorized to be on the lot at that time, Truxel drove inside the parking lot, looking for the intruder.
At the rear of the parking lot, Truxel got out of his car. He testified that while he was walking around, he discovered appellant sitting on the rear bumper of a mobile home camper parked near the fence. Truxel told appellant not to move, but appellant climbed on the camper and jumped over the fence, eluding Truxel's attempt to grab his pant leg.
Truxel testified that during the pat-down after appellant was apprehended, he discovered a bag attached to appellant's waist. Inside the bag were a Phillips screwdriver, a flat-head screwdriver, two pairs of plyers and a pair of vise grips. Truxel testified that in his opinion, the items found in the bag around appellant's waist were for breaking into vehicles and stealing stuff from them.
Police detective Norm Griffin testified that he questioned appellant subsequent to his arrest on June 23, 1999. Griffin testified that he informed appellant of his constitutional rights and then asked him what he was doing in the parking lot of G M Towing. According to Griffin, appellant responded that he was looking for stuff to sell.
Kevin Sullivan testified for the state that he has been the operations manager at G M Towing Company for nineteen years. Sullivan testified that G M Towing stores cars and trucks in its secured impound lot. Entrance to the lot is through a locked gate. Sullivan testified that he is familiar with all G M Towing Company employees and that appellant is not an employee and was never given access to the G M Towing parking lot.
At the close of the state's evidence, appellant moved for acquittal pursuant to Crim.R. 29. With respect to count one of the indictment, which charged breaking and entering in violation of R.C. 2911.13(A),[1]
the trial court noted that the state had failed to present any evidence that appellant had trespassed in an unoccupied structure, an element of a violation of R.C. 2911.13(A). The trial court then granted the state's motion to amend count one of the indictment to charge a violation of R.C. 2911.13(B).[2] The trial court then denied appellant's Crim.R. 29 motion for acquittal with respect to both counts.
The defense rested without presenting any evidence.
Following closing arguments, the trial court instructed the jury. Regarding count one, the trial court instructed:
 The defendant * * * is charged with breaking and entering in Count 1 of the indictment in violation of Ohio Revised Code 2911.13 subsection B. Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the 23rd day of June 1999 and in Cuyahoga County, Ohio, the defendant trespassed on the land of G M Towing Company with a purpose to obtain property owned by G M Towing Company without its consent and to deprive G M Towing of that property.
With respect to count two of the indictment, possession of criminal tools, the trial court instructed the jury:
 Before you can find the defendant guilty of this offense, you must find beyond a reasonable doubt that on or about the 23rd day of June 1999, and in Cuyahoga County, Ohio, the defendant knowingly possessed or had under his control, devices, instruments or articles, specifically plyers, screwdrivers and vise grips with a purpose to use it (sic) criminally and that the devices, instruments or articles were intended for use in the commission of a felony.
 For purposes of this count of the indictment, the felony which the State of Ohio alleges the defendant committed is the offense of breaking and entering as set forth in count 1 of the indictment.
The trial court then instructed the jury that they would receive a written copy of the jury instructions. Defense counsel did not object to the jury instructions.
The jury returned a verdict of guilty on both counts. On October 8, 1999, the trial court sentenced appellant to the maximum sentence of twelve months on each count, the sentences to be served concurrently.
Appellant timely appealed, assigning five assignments of error for our review:
 I. THE TRIAL COURT ERRED IN DENYING THE MOTION TO DISMISS PURSUANT TO CRIMINAL RULE 29 FOR LACK OF SUFFICIENT EVIDENCE WHERE THERE WAS INSUFFICIENT EVIDENCE REGARDING THE PURPOSE TO COMMIT A FELONY ELEMENT OF BREAKING AND ENTERING PURSUANT TO R.C. § 2911.13(B).
 II. THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO INSTRUCT THE JURY ON THE PURPOSE TO COMMIT A FELONY ELEMENT OF BREAKING AND ENTERING PURSUANT TO R.C. § 2911.13(B).
 III. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO OBJECT TO THE TRIAL COURT'S FAILURE TO INSTRUCT THE JURY ON THE PURPOSE TO COMMIT A FELONY ELEMENT OF BREAKING AND ENTERING PURSUANT TO R.C. § 2911.13(B).
 IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO PRESERVE THE WRITTEN JURY INSTRUCTIONS AS PART OF THE RECORD FOR APPELLATE REVIEW.
 V. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MAXIMUM TERMS OF INCARCERATION WITHOUT SETTING FORTH THE MANDATORY FINDINGS REQUIRED BY R.C. §§ 2911.13(B) AND R.C. 2919.19(B)(2)(d).
In his first assignment of error, appellant contends that the trial court erred in denying his Crim.R. 29 motion for acquittal because there was insufficient evidence to support all of the elements of his conviction on count one of the amended indictment, breaking and entering in violation of R.C. 2911.13(B).
Crim.R. 29(A) provides, in pertinent part:
 The court on motion of a defendant * * * shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment * * * if the evidence is insufficient to sustain a conviction of such offense or offenses.
A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. State v. Thompkins (1997), 78 Ohio St.3d 380, 390. On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
As amended, count one of the indictment charged appellant with breaking and entering, in violation of R.C. 2911.13(B). R.C. 2911.13(B) provides that No person shall trespass on the land or premises of another, with purpose to commit a felony. Thus, to support a conviction on count one of the indictment, the state was required to prove both that appellant was trespassing on the G M Towing Company parking lot and that his purpose while doing so was to commit a felony.
Appellant contends, and we agree, that while the state may have presented evidence to show that appellant was trespassing, it failed to present any evidence that appellant's purpose while doing so was to commit a felony.
Admittedly, the state presented sufficient evidence to convince a rational trier of fact that appellant intended to commit a theft offense while he was trespassing on the G M Towing Company parking lot. Officer Truxel testified that during the pat-down after appellant was apprehended, he found a small bag of tools attached to appellant's waist. Truxel testified further that he believed the items found in the bag — several screwdrivers, two pairs of plyers and vise grips — were for breaking into vehicles and stealing stuff from them. Moreover, Detective Griffin testified that when he asked appellant why he was in the G M Towing Company parking lot, appellant responded that he was looking for stuff to sell. On this evidence, a rational trier of fact could have concluded that appellant's purpose in trespassing on the G M Towing Company parking lot was to steal something.
As set forth in R.C. 2913.02, however, a theft offense is not a felony unless the value of the stolen property is $500 or more:
 (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 (1) Without the consent of the owner or person authorized to give consent;
 (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
(3) By deception;
(4) By threat;
(5) By intimidation.
 (B)(1) Whoever violates this section is guilty of theft.
 (2) Except as otherwise provided in this division or division (B)(3), (4), (5), or (6) of this section, a violation of this section is petty theft, a misdemeanor of the first degree. If the value of the property or services stolen is five hundred dollars of more and is less than five thousand dollars or if the property stolen is any of the property listen in section 2913.71 of the Revised Code, a violation of this section is theft, a felony of the fifth degree. If the value of the property or services stolen is five thousand dollars or more and is less than one hundred thousand dollars, a violation of this section is grant theft, a felony of the fourth degree.
 If the value of the property or services stolen is one hundred thousand dollars or more, a violation of this section is aggravated theft, a felony of the third degree.
Here, the state presented no evidence that would even remotely suggest that the value of the items appellant intended to steal was $500 or more. Indeed, the state presented no evidence whatsoever regarding the value of the items appellant intended to steal. Thus, the state failed to prove that appellant intended to commit a felony theft offense on the G 
M Towing Company parking lot. Moreover, the state presented no evidence that appellant intended to commit any other felony in the G M Towing Company parking lot (e.g., theft of a motor vehicle, in violation of R.C. 2913.02(B)(5), a felony of the fourth degree; or theft of a firearm, in violation of R.C. 2913.02(B)(4), a felony of the fourth degree). Accordingly, the state failed to present sufficient evidence to establish beyond a reasonable doubt that appellant intended to commit a felony while trespassing on the G M Towing parking lot.
The state argues, however, that after hearing the evidence, the jury convicted appellant of breaking and entering in violation of R.C.2911.13(B) and, therefore, this court should not substitute its judgment for that of the jury. We disagree.
A criminal defendant is denied due process of law when his conviction is not supported by sufficient evidence to prove his guilt beyond a reasonable doubt of every element of the crime charged. Jackson v. Virginia (1979), 443 U.S. 307; State v. Thompkins(1997), 78 Ohio St.3d 380. A criminal conviction is not supported by sufficient evidence when the prosecution has failed to prove beyond a reasonable doubt every fact necessary to constitute any crime for which it prosecutes a defendant. State v. Robinson (1976), 47 Ohio St.2d 103, 108, citing In re Winship (1970), 397 U.S. 358. [N]either a trial court nor an appellate court may abdicate its responsibility to enter a judgment of acquittal when the evidence is legally insufficient to support a conviction. State v. Goodin (1979), 56 Ohio St.2d 438, 442, overruled on other grounds, State v. Jenks (1991), 61 Ohio St.3d 259.
Here, the evidence set forth by the state was not sufficient to establish beyond a reasonable doubt that appellant intended to commit a felony while trespassing in the G M Towing Company parking lot. Accordingly, the trial court erred in denying appellant's Crim.R. 29 motion for acquittal regarding count one of the amended indictment. Furthermore, because count one fails, count two — which charged that appellant possessed criminal tools with a purpose to commit a felony — necessarily fails. Therefore, the trial court also erred in denying appellant's Crim.R. 29 motion for acquittal regarding count two.
Moreover, although not raised by appellant, we note with respect to count one that it is apparent that appellant was tried and convicted of an offense that he was not indicted on. [N]o person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury * * *. Section 10, Article I, Ohio Constitution. This provides an inalienable protection to the defendant that he will be tried on the same essential facts on which the grand jury found probable cause. State v. Vitale (1994), 96 Ohio App.3d 695, 699.
Pursuant to Crim.R. 7(D), the trial court has discretion to amend the indictment provided no change is made in the name or identity of the crime charged. Where the amendment to an indictment requires proof of an essential factual element which the original indictment did not, the amendment of the indictment change[s] the identity of the crime charged in contravention of Crim.R. 7(D). Vitale, supra at 701, quoting State v. Woody (1986), 29 Ohio App.3d 364, 365.
As we noted in Vitale, the risk presented by an amended indictment is that the defendant was convicted on evidence that was never presented to the grand jury. Id. Here, because there is no such evidence, it is apparent that there was no evidence presented to the grand jury that appellant intended to commit a felony on the G M Towing Company parking lot. Appellant was convicted, however, of trespassing on the parking lot with a purpose to commit a felony. Furthermore, the evidence presented to the grand jury was that appellant trespassed in an unoccupied structure. Appellant was convicted, however, of trespassing on the land or premises of another. The amendment to the indictment regarding count one changed the identity of the crime with which appellant was charged and, therefore, appellant was convicted on a charge essentially different from that found by the grand jury. Under such circumstances, the conviction cannot stand. Id. at 699, 702.
Appellant's first assignment of error is sustained and his conviction is therefore vacated.
Our disposition of appellant's first assignment of error renders appellant's second, third, fourth and fifth assignments of error moot and, therefore, we need not consider them. See App.R. 12(A)(1)(c).
Appellant's conviction is vacated.
It is, therefore, ordered that appellant recover from appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ TIMOTHY E. McMONAGLE, JUDGE
O'DONNELL, P.J. and PORTER, J., CONCUR.
[1] R.C. 2911.13(A) provides that No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony.
[2] R.C. 2911.13(B) provides that No person shall trespass on the land or premises of another, with purpose to commit a felony.