[Cite as *In re K.L.R.*, 2015-Ohio-4453.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


IN THE MATTER OF:                    :

      K.L.R.                         :          CASE NO.   CA2015-03-030

                                :          O P I N I O N
                                          10/26/2015

                                :

                                :


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 14-N000739


David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Wright & Schulte, LLC, Shireen J. Hebert, 812 East National Road, Vandalia, Ohio 45377, for defendant-appellant


**RINGLAND, J.**

{¶ 1}  Appellant, K.L.R., appeals his adjudication in the Warren County Court of Common Pleas, Juvenile Division, as a delinquent child for gross sexual imposition (GSI). Based upon the reasoning set forth below, we reverse and remand for further proceedings.

{¶ 2}  The state alleges that K.L.R. twice entered the bedroom of G.B. and had sexual contact with her absent consent. Regarding the first instance, G.B. testified that she awoke to find K.L.R. standing over her sister. G.B. stated that K.L.R. then approached her bed and

touched her on the breast. As to the second instance, G.B. testified that she awoke to find K.L.R. touching her on the breast with one hand while his other hand was in his pants.

{¶ 3} K.L.R. was charged by complaint in the juvenile court with one count of GSI in violation of R.C. 2907.05(A)(5), a fourth-degree felony if committed by an adult. However, the language of the complaint alleged K.L.R. committed GSI "by force or threat of force." That language is associated with R.C. 2907.05(A)(1), rather than the language of R.C. 2907.05(A)(5), which states that GSI occurs when "the ability of the other person to resist or consent * * * is substantially impaired because of a mental or physical condition[.]" The complaint was subsequently amended to add a second count of GSI. Both counts again used the language of R.C. 2907.05(A)(1) while citing to R.C. 2907.05(A)(5).

{¶ 4} The matter proceeded to an adjudication hearing. Following G.B.'s testimony, the state made an oral motion to amend the complaint to remove the force language of R.C. 2907.05(A)(1) and replace it with the substantial impairment language of R.C. 2907.05(A)(5). The court amended the complaint over K.L.R.'s objection.

{¶ 5} At the conclusion of the hearing, the court granted K.L.R.'s motion to dismiss on the first count. On the second count, the court found that K.L.R. committed GSI pursuant to 2907.05(A)(5) and adjudicated him delinquent.

{¶ 6} K.L.R. objected to the magistrate's decision and argued, in pertinent part, that the magistrate erred in amending the complaint during the adjudicatory hearing. The trial court overruled K.L.R.'s objections and adopted the magistrate's decision.

{¶ 7} K.L.R. now appeals, raising three assignments of error for review.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT'S GRANTING OF THE STATE'S MOTION TO AMEND THE AMENDED COMPLAINT VIOLATED OHIO CRIMINAL RULE 7(D), OHIO JUVENILE RULE 22(B) AND THE DUE PROCESS CLAUSE FOUND IN THE CONSTITUTION OF THE

- 2 -

STATE OF OHIO AND THE UNITED STATES.

{¶ 10} K.L.R. argues the trial court erred when it changed the identity of his alleged crime after the start of the adjudicatory hearing. As stated above, the trial court amended the language of the complaint from GSI by force or threat of force to GSI by substantial impairment.

{¶ 11} The trial court's decision to amend a juvenile delinquency complaint will not be reversed absent an abuse of discretion. *In re M.C.*, 10th Dist. No. 12AP-618, 2013-Ohio-2109, ¶ 45. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} Juv.R. 22(B) provides in relevant part:

> Any pleading may be amended at any time prior to the adjudicatory hearing. After the commencement of the adjudicatory hearing, a pleading may be amended upon agreement of the parties or, if the interests of justice require, upon order of the court. A complaint charging an act of delinquency may not be amended unless agreed by the parties, if the proposed amendment would change the name or identity of the specific violation of law so that it would be considered a change of the crime charged if committed by an adult.

In short, an amendment that changes the name or identity of a crime alleged must be agreed upon by the parties. K.L.R. concedes that the amendment did not change the name of the crime alleged. However, there is some question whether the amendment changed the identity of the crime.

{¶ 13} Juv.R. 22(B) applies to the variety of complaints filed in the juvenile court (i.e., delinquency, unruly, juvenile traffic offender, dependency, neglect and abuse, private custody, etc.). The rule provides special treatment for complaints alleging delinquency. While other complaints may be amended by agreement or "if the interests of justice require", amendment of delinquency complaints changing the name or identity of the violation of law

- 3 -

may be amended only by agreement. Additionally, the rule directs that the criminal jurisprudence concerning the amendment of criminal complaints be consulted by providing that the determination of the nature of the amendment be based upon whether the amendment "would be considered a change of the crime charged if committed by an adult."

{¶ 14} Juv.R. 22(B) applies to the variety of complaints filed in the juvenile court (i.e., delinquency, unruly, juvenile traffic offender, dependency, neglect and abuse, private custody, etc.). The rule provides special treatment for complaints alleging delinquency. While other complaints may be amended by agreement or "if the interests of justice require," amendment of delinquency complaints changing the name or identity of the violation of law may be amended only by agreement. Additionally, the rule directs that the criminal jurisprudence concerning the amendment of criminal complaints be consulted by providing that the determination of the nature of the amendment be based upon whether the amendment "would be considered a change of the crime charged if committed by an adult."

{¶ 15} To determine whether the "identity" of a crime has changed, the court must examine whether the "penalty or degree" changed. *State v. Stacey*, 3rd Dist. Seneca No. 13-08-44, 2009-Ohio-3816, ¶ 9. The "identity" of a crime changes when an indictment is so amended that the offense alleged in the indictment and the offense alleged in the amended indictment contain different elements that require independent proof. *State v. Collinsworth*, 12th Dist. Brown No. CA2003-10-012, 2004-Ohio-5902, ¶ 20.

{¶ 16} The "identity" of a crime does not change when a court is simply correcting a clerical error even though the amendment changed an element of the offense. *Stacey* at ¶ 10. On the other hand, the "identity" of a crime is changed when a court is not merely correcting a clerical mistake but instead modifying the elements of the crime. *State v. Stodgel*, 12th Dist. Fayette No. CA2012-04-010, 2013-Ohio-1109, ¶ 24; *State v. Woody*, 29 Ohio App.3d 364 (1st Dist.1986).

- 4 -

{¶ 17} In *Woody*, the court held that a trial court erred when it amended an indictment from a charge of theft under R.C. 2913.02(A)(1) to R.C. 2913.02(A)(2). *Id.* That amendment changed the manner the theft was committed from "without the consent" of the owner of property, to "beyond the scope of the express or implied consent" of the owner. The *Woody* court found that an amendment to the manner in which the theft was committed amounted to a change in the identity of the crime alleged. *Id.* at 365.

{¶ 18} In contrast to *Woody*, the Tenth District found that an amendment altering a charge of kidnapping by restraint to kidnapping by removal was permissible. *State v. Smith*, 10th Dist. No. 06AP1165, 2007-Ohio-6772, ¶ 31. That court held that the amendment changed the method of kidnapping, but did not change the nature or identity of the crime. *Id.*

{¶ 19} In the present case, the amendment to the language of the complaint converted the manner in which the crime alleged was committed from sexual contact by force or threat of force to sexual contact through substantial impairment. Those differing methods of committing the crime require independent proof. Thus, we agree with the *Woody* court and find that an alteration of the language setting forth the manner in which the crime was committed results in the modification of an element of the crime. Accordingly, the amendment in the present case changed the identity of the crime.

{¶ 20} The state cites to *Stodgel* in asserting that the amendment in the present case merely corrected a clerical error, and thus did not change the identity of the crime alleged. *Stodgel* at ¶ 23. In *Stodgel*, this court found that the trial court did not err in amending the indictment where the indictment contained the correct language, but cited to the incorrect statute. This court found that the trial court was merely correcting a clerical error. *Id.* at ¶ 28.

{¶ 21} We find *Stodgel* distinguishable as there is a significant difference between amending the language of a charge, as in the present case, and amending the numerical citation of a charge, as in *Stodgel*. The very statute setting forth the required form of a

complaint alleging juvenile delinquency elucidates the distinction. R.C. 2152.021 provides, in pertinent part, that the complaint "shall allege the particular facts upon which the allegation that the child is a delinquent child * * * is based." The statute makes no mention of the numerical designation of the statute alleged to have been violated, thus demonstrating that the statement of the factual basis for the offense is more significant than the numerical designation of the statute. In addition, *Stodgel* was reviewed under a plain error analysis, rather than the abuse of discretion standard in the present case.

{¶ 22} Furthermore, if we were to find that the language of a complaint may be amended during the adjudicatory hearing as mere clerical error, and we have previously held that the statutory citation may be similarly amended, then an alleged offender is left incapable of determining which offense to defend against until the state reveals which portion of the complaint is alleged to be the clerical error.

{¶ 23} Where, as here, the amendment altered the language of the complaint, and that alteration in language modified an element of the offense such that it changed the identity of the crime alleged, the error is not merely clerical.

{¶ 24} Finally, the state argues that K.L.R. was not prejudiced by the amendment as his alibi defense was equally applicable under R.C. 2907.05(A)(1) and R.C. 2907.05(A)(5). However, this court has held that a defendant need not demonstrate that he has suffered any prejudice as a result of an unlawful amendment where the amendment changes the identity of the crime alleged. *Stodgel*, 2013-Ohio-1109 at ¶ 21, citing *State v. Fairbanks*, 172 Ohio App.3d 766, 2007-Ohio-4117, ¶17 (12th Dist.).

{¶ 25} In light of the foregoing, having found that the amendment to the language of the complaint changed the identity of the crime and was not merely a clerical error, we find that the trial court abused its discretion amending the complaint. Accordingly, K.L.R.'s first assignment of error is sustained.

{¶ 26} Assignment of Error No. 2:

{¶ 27} APPELLANT'S DUE PROCESS RIGHT TO LEGAL COUNSEL WAS PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 28} Assignment of Error No. 3:

{¶ 29} THE ADJUDICATION OF K.L.R. AS A DELINQUENT CHILD WAS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 30} Based upon our resolution of K.L.R.'s first assignment of error, K.L.R.'s second and third assignments of error are rendered moot.

{¶ 31} Judgment reversed, and the cause is remanded for further proceedings consistent with this opinion.

M. POWELL, J., concurs.

PIPER, P.J., dissents.

**PIPER, P.J., dissenting.**

{¶ 32} I respectfully dissent from the determination that the juvenile court abused its discretion. The majority opines the juvenile court could not reasonably find that a simple clerical error occurred, and thus it was unreasonable to amend the delinquency complaint during trial to include wording in conformity with the statutory code section already listed in the complaint. However, I would find that the record supports the juvenile court's finding of clerical error and equally supports the decision to amend the delinquency complaint.

### Clerical Error

{¶ 33} The delinquency complaint alleged K.L.R. was a delinquent child by virtue of engaging in conduct that would constitute a violation of law if committed by an adult. R.C. 2152.02(F)(1). The violation of law stated was Gross Sexual Imposition, and the first

amended complaint enumerated the Gross Sexual Imposition as R.C. 2907.05(A)(5). The initial complaint incorrectly enumerated R.C. 2907.05(A)(1) as the form of unlawful sexual contact that occurred. When the first amended complaint correctly changed the code section designation to R.C. 2907.05(A)(5), the wording was not changed as it should have been.[1]

{¶ 34} The record is clear the unlawful sexual contact alleged in the first amended complaint was a R.C. 2907.05(A) violation. When the subsection was originally misidentified, it was amended to the proper (A)(5) subsection. The fact that the correct wording was also supposed to be included in order to track the (A)(5) subsection is abundantly clear. The juvenile court specifically found that the inclusion of the incorrect wording in the amended complaint was "a clerical error that was overlooked by all the parties until the day of trial."

{¶ 35} The juvenile court acknowledged that complaints in juvenile court are generated by the court. The court stated, "I will note in reviewing the original complaint, that the subsection originally state [sic] (A)(1) to coincide with the force or threat of force because that is our language, this is our complaint, and that is language that the Court automatically includes in the complaint, and then it was corrected to reflect the (A)(5) section * * *."

{¶ 36} The same clerical error occurred in the state's first amended complaint, which was submitted to add the second GSI charge. As explained by the state, the template used by the prosecution when generating the GSI charges included the wording of subsection (A)(1) because "that is the language that is in the computer system * * *."

{¶ 37} The state represents that the discovery, the victim's statement, and pretrial proceedings, all of which defense counsel was privy to, represented and were consistent with an (A)(5) violation. The court made a finding in this regard, stating the "state has been consistent in the assertion that it is a violation of the (A)(5) section * * *." Thus, the computer-

---

1. Thus, the first amended complaint was supposed to have wording in conformity with R.C. 2907.05(A)(5), but because the wording did not get changed, the wording was still in conformity to R.C. 2907.05(A)(1).

generated complaint's inclusion of the (A)(1) language was simply a clerical error, as neither the court nor the state intended such wording to be included.

{¶ 38} The majority interprets the amending of the delinquency complaint during trial as interjecting an entirely new element, which changed the offense. In order to reach this conclusion, one must narrowly focus on the wording and virtually ignore the fact that the listed subsection, being (A)(5), is comprised of all the correct elements of the offense. [2]

{¶ 39} The unlawful sexual contact was always referred to as Gross Sexual Imposition; so the "name" did not change. Similarly, the violation going into trial was identified as a R.C. 2907.05(A)(5) violation; so the "identity" of the offense did not change. Furthermore, neither the degree of the crime, nor the potential punishment changed in any way.

{¶ 40} We have previously examined whether an amendment changes the "name" or "identity" of an offense. *State v. Stodgel*, 12th Dist. Fayette No. CA2012-04-010, 2013-Ohio-1109. In *Stodgel*, we determined that whether the "name" was changed "is a relatively simply proposition." *Id.* at ¶ 22. However, whether the "identity" of an offense changed "requires a more searching analysis." *Id.* We concluded that analysis by recognizing that "[the] identity of a crime does not change when a court is simply correcting a clerical error even though the amendment changed an element of the offense." *Id.* at ¶ 23.

{¶ 41} The amendment here only corrects the wording to comport with the method of unlawful sexual contact already expressed in the complaint, R.C. 2907.05(A)(5).[3] I am unwilling to second-guess the juvenile court's knowledge of its own complaint, nor am I willing

---

2. The majority determines the wording relative to the type of unlawful sexual contact is "more significant than the numerical designation of the statute." However, there is no legal authority for giving more importance to one over the other. Numerical code sections routinely identify offenses in juvenile proceedings. Here, the juvenile court never changed the numerical code section that identified the offense.

3. Changing the method by which a crime is accomplished does not necessarily change the name or identity of the offense. *State v. Smith*, 10th Dist. Franklin No. 06AP-1165, 2007-Ohio-6772; *In re B.M.*, 8th Dist. Cuyahoga No. 80909, 2003-Ohio-870, ¶ 29.

to discount the credence given by the trial court to the state's representation of how the error occurred. In arriving at its decision, the majority's analysis requires a strict application of felony criminal law interpreting Crim.R. 7(D) to juvenile proceedings.

{¶ 42} K.L.R. alleges a violation of Crim.R. 7(D) in his assignment of error, and the majority uses case law attendant to criminal proceedings. K.L.R. cites no authority which requires us to apply Crim.R. 7(D) and its attendant case law instead of Juv. R 22(B) itself, to juvenile proceedings. "Juvenile proceedings are not criminal proceedings and thus, the rules of criminal procedure do not apply." *In re Barchet*, 3rd Dist. Hancock Nos. 5-02-27 to 5-02-32, 2002-Ohio-5420, ¶ 27. Because the juvenile justice system is quite different in many ways, the harsh consequences of felony criminal rules are not always appropriate for juvenile proceedings.

### Juvenile Court

{¶ 43} Ohio courts have long acknowledged that juvenile proceedings are very different than adult criminal proceedings, and for historical reason. Juvenile courts are remedial in nature, providing measures of guidance, and exist in large part to promote the rehabilitation of juvenile offenders. *Kent v. United States*, 383 US 541, 554, 86 S.Ct. 1045 (1966). Emphasizing reformation, juvenile courts are neither criminal nor penal, and thus their proceedings are not held to the same standards as a criminal trial. *In re Good*, 118 Ohio Ap.3d 371 (12th Dist.1997).

{¶ 44} A complaint in delinquency proceedings need only contain "the numerical designation of the statute * * * alleged to have been violated" along with the essential facts in ordinary language. *In re Rough*, 12th Dist. Butler Nos. 88-05-069, 88-05-070, and 88-06-090, 1989 WL 11513, *2 (Feb. 13, 1989). Appellate courts have recognized that "unlike Criminal Rules, the Juvenile Rules do not specify that a complaint must list each and every element of the offense." *In re G.E.S.*, 9th Dist. Summit No. 23963, 2008-Ohio-2671

(affirming where the statutory subsection in the delinquency complaint was correct, but the wording omitted an element of the offense).

{¶ 45} Even where the mens rea element of the offense has been omitted, the facts stated along with the designated statutory code section have been held to be sufficient. *In re M.H.*, 186 Ohio App.3d 513, 2010-Ohio-689 (6th Dist.). In upholding a "broad view of the complaint" in juvenile proceedings, we previously determined that "only the essential facts needed to be stated in the complaint as we would not hypertechnically construe the Juvenile Rules." *In re Rough* at *2. In affirming the trial court's sua sponte amending of a complaint rendering a finding of delinquency, we held, "even though the facts supporting the finding were not identical to those set forth in the complaint, the evidence nevertheless conformed to the 'essential facts' in the complaint * * *." *Id.*

{¶ 46} In this current situation, the allegation was clearly a R.C. 2907.05(A)(5) violation. The essential facts of an unlawful sexual contact being instigated by K.L.R. never changed. Amending the specific facts to conform to the stated code subsection, in light of a clerical error, is not tantamount to an abuse of discretion unless K.L.R. was denied due process.

### Due Process

{¶ 47} With the imposition of significant penalties upon juveniles, there is an increasing recognition of due process rights in juvenile court proceedings. *State v. D.H.*, 120 Ohio St.3d 540, 2009-Ohio-9, ¶40. Constitutional safeguards in juvenile court proceedings find their genesis in the due process protections found in our state and federal constitutions. *Id.* at ¶ 44. Preserving due process protections in juvenile court proceedings does not mean transforming juvenile court proceedings into full-blown felony criminal law proceedings. *Id.* at ¶ 60. "Because of the state's stake in the rehabilitation of the juvenile offender and the theoretically paternal role that the state continues to play in juvenile justice, a balanced

approach is necessary to preserve the special nature of the juvenile process while protecting procedural fairness." *Id.* at ¶ 49.

{¶ 48} In felony criminal law, an accused only faces charges issued as the result of grand jury proceedings, thus, the rigid standards and presumption of prejudice can attach when the state amends an indictment during trial. Ohio Constitution, Article I, Section 10; Crim.R. 6. Felony criminal rules and their related case law deliver strict guidelines to insure an accused adult is never forced to face charges not the product of a grand jury proceeding. Applying felony criminal rules designed to protect a constitutional right to grand jury proceedings to juvenile delinquency proceedings is not a "balanced approach" because grand jury proceedings, and the protections they entail, are never involved in delinquency proceedings.

{¶ 49} Adult criminal proceedings involve different criminal rules in order to preserve due process and constitutional protections. The "special nature of the juvenile process" is not preserved by a strict application of criminal felony rules, and the case law interpreting them, because juvenile proceedings are aimed at protecting a different process. Thus, the case law interpreting Crim.R. 7(D) serving felony criminal proceedings is not on point for interpreting Juv.22 (B), which serves juvenile delinquency proceedings without intent to preserve all of the same constitutional protections and due process found in felony criminal proceedings.

{¶ 50} Chief Justice O'Connor has written that once it is determined some process is due, the flexibility of due process lies in its scope. *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919. Due process acknowledges that not all situations calling for procedural safe guards call for the same kind of procedure. *Id.* "A court's task is to ascertain what process is due in a given case * * * while being true to the core concept of due process in a juvenile case – to ensure orderliness and fairness." *Id.* at ¶ 81.

{¶ 51} Juv.R. 22(B) mentions nothing about "elements" of an offense, which the majority discusses to determine the identity of the offense was changed. Instead, the rule provides that the juvenile court is within its discretion to amend a complaint "if the interests of justice require." The "interests of justice" would support the correction of a clerical error. Within a literal reading of Juv.R. 22(B), neither the "name" nor the "identity" of the offense changed. After the first amended complaint, the offense was always identified as a R.C. 2907.05(A)(5) violation, and it was always named as a Gross Sexual Imposition by way of unlawful sexual contact with another. Therefore, correcting this clerical error should not be interpreted as a violation of due process.[4]

{¶ 52} Examining fundamental fairness and due process is not performed in a vacuum. The defense was given, early on, the victim's statement and although it is not part of the record, nothing contradicts the state's representation that the victim's statement, and the state's theory of the case, was always premised upon an (A)(5) unlawful sexual contact. Furthermore, K.L.R.'s defense was that he was not home at the time the offense occurred and therefore, was not the perpetrator of *any type* of unlawful sexual contact.[5] With the totality of the circumstances presented to us, there is no violation of fundamental fairness or due process.

**Standard of Review**

{¶ 53} In light of the significant threshold differences between juvenile court proceedings and felony criminal court proceedings, it is important to note a strict application of felony criminal rules, and related case law, to interpret Juv.R. 22(B) is not a "balanced

---

4. While a juvenile may have avoided an adjudication of "true," the juvenile court's sua sponte amendment to the delinquency complaint changing the offense to an "attempt" did not violate due process. *In re Phillips*, 5th Dist. Muskingum No. CT2001-0051, 2002-Ohio-1581.

5. Adjudication on delinquency complaint, which alleged force, was not a due process violation merely because the state failed to prove force where the conduct was still supportive of adjudication. *In re N.K.*, 8th Dist. Cuyahoga No. 82332, 2003-Ohio-7059.

approach," particularly where different core concepts are being preserved and fundamental fairness and due process are not at jeopardy. Equally important is the standard of review.

**{¶ 54}** A juvenile court has discretion to amend a complaint pursuant to Juv.R. 22(B). While an appellate court might have a different opinion on how the issue should be decided, it must refrain from substituting its judgment for that of the trial court. Abuse of discretion means *more than* an error of law, but rather requires a determination that the trial court's attitude in exercising its discretion was unreasonable, arbitrary, or unconscionable. *In re Felton*, 124 Ohio App.3d 500 (3d Dist.1997). A decision is unreasonable when it is "unsupported by a sound reasoning process". *State v Abdullah*, 10th Dist. Franklin No. 07AP-427, 2007-Ohio-7010 ¶16, citing *AAAA ENTS., Inc. v River Place Community Urban Redevelopment Corp.*, 50 Ohio St. 3rd 157, 161 (1990).

**{¶ 55}** The juvenile court attentively listened to the state and to defense counsel. Each participated in dialogue as to why, or why not, the complaint should be amended. The court itself clearly believed there to be a clerical error. While defense counsel asked for a new trial, rather than a continuance, the evidence would have reasonably been expected to be the same. Not wanting an argument of disadvantage falling upon the defense, the juvenile court permitted the defense to re-call the victim for additional cross-examination. Considering the circumstances and the manner in which they unfolded, the record dispels any notation that the juvenile court acted unreasonably, arbitrarily, or unconscionably. The juvenile court was merely insuring that the core concept of due process – "orderliness and fairness" occurred within its proceedings.

**{¶ 56}** The juvenile court was not unsupported by sound reasoning in correcting the clerical error. Additionally, Crim.R. 7(D) and the case law interpreting it, are not applicable in juvenile proceedings, as they protect and serve different interests. Equally important, neither Juv.R 22(B) nor due process were violated by correcting the clerical error because the

correction never changed the numerical designation that identified the offense.  Therefore, I would find the juvenile court did not abuse its discretion in amending the delinquency complaint because of the clerical error.