OPINION
{¶ 1} Defendant-appellant, Randall Collinsworth, appeals his conviction in the Brown County Court of Common Pleas for two counts of rape of a child under the age of 13. We affirm the conviction.
 {¶ 2} The record reveals the following relevant facts leading to this appeal. A.C., the victim, was born on August 6, 1986. From approximately 1993 to 1996, she resided in Ripley, Ohio, at a trailer her family rented from appellant. Because the trailer did not have hot water, she would often take showers at appellant's home. A.C. testified that on one such occasion she was in appellant's trailer and about to shower when appellant entered the bathroom. He grabbed her, began touching her in the vaginal area, and eventually forced her into the bedroom where he raped her. She also testified that approximately seven months later, while at appellant's trailer fixing donuts, he again forcibly raped her.
 {¶ 3} At some point after these two incidents, A.C. moved to Trinity, North Carolina, then to Dry Ridge, Kentucky. In 2000, she returned to Ripley, where she began residing about two miles from appellant's home. It was at this time that A.C. reported the rapes to the Adams County Sheriff's Office.
 {¶ 4} On August 16, 2000, during an interview with Barry Creighton of Brown County Human Services, appellant confessed to having "consensual" sex with A.C. In September 2000, he was indicted by a Brown County grand jury for two counts of rape with force specifications in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree.
 {¶ 5} The indictment charged that on or about January 1, 1997, through January 31, 1997, and on or about August 1, 1997 through August 31, 1997, appellant engaged in sexual conduct with A.C., that A.C. was not appellant's spouse, and that she was less then 13 years of age.
 {¶ 6} At trial, A.C. testified that appellant raped her the first time in January of 1997, and the second time in August of 1997, when A.C. was ten and eleven years old. On cross-examination, however, appellant was able to show through school records that A.C. was not living in Ohio in 1997. Therefore, the rapes could not have occurred in January and August of that year. On redirect, A.C. and the state conceded that 1997 was not correct, then offered that the rapes occurred in 1996, when A.C. was nine and ten.
 {¶ 7} At the close of the prosecution's case-in-chief, the state submitted, and the trial court granted, a motion to amend the indictment to conform to the evidence. The amendment changed the dates alleged in the indictment from January and August of 1997 to January and August of 1996.
 {¶ 8} Appellant objected to the motion, then requested a mistrial when the amendment was granted. The court denied this request, commenting in the process that it would consider granting a reasonable continuance if appellant were to request one. Appellant declined the court's offer. At the conclusion of the trial, the jury returned a verdict of guilty on both counts of rape, but not guilty of the force specifications.
 {¶ 9} Appellant timely appealed, raising the following two assignments of error:
 {¶ 10} Assignment of Error No. 1:
 {¶ 11} "The trial court erred in permitting amendment of the indictment in violation of the Sixth Amendment to the federal constitution, and Section 10, Article I of the Ohio Constitution."
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "The trial court erred in not granting a mistrial and continuance following amendment of the indictment."
 {¶ 14} Because both assignments of error involve a similar legal analysis, we consider them together. We also note at the outset that a trial court's decision to allow an amendment to an indictment is reviewed by this court for abuse of discretion.State v. Beach, 148 Ohio App.3d 181, 188, 2002-Ohio-2759.
 {¶ 15} The Sixth Amendment to the U.S. Constitution provides an accused in a criminal prosecution the right to be informed of the "nature and cause of the accusation" against him. This right, like all other Sixth Amendment rights, is part of the due process of law that is guaranteed by the Fourteenth Amendment to all criminal defendants in state court. Faretta v. California
(1975), 422 U.S. 806, 818, 95 S.Ct. 2525, 2532.
 {¶ 16} Section 10, Article I of the Ohio Constitution also provides that an accused has the right to demand the "nature and cause of the accusation" against him. Furthermore, because appellant was accused of a felony, he was constitutionally entitled to an indictment setting forth the "nature and cause of the accusation." State v. Sellards (1985), 17 Ohio St.3d 169,170.
 {¶ 17} To be valid, indictments must contain words "sufficient to give the defendant notice of all the elements of the offense with which [he] is charged." Crim.R. 7. See, also, R.C. 2941.05. Giving an accused notice of all the elements of the offenses with which he is charged in an indictment serves two purposes. Sellards, 17 Ohio St.3d at 170. First, when offenses are clearly identified and defined, the accused is protected from future prosecutions for the same offenses; second, giving notice in an indictment compels the government to aver all material facts constituting the essential elements of the offenses. Id. When this is done, the accused has an appropriate and fair opportunity to defend against the charges. Id.
 {¶ 18} Crim.R. 7(D) provides that a trial court may amend an indictment any time before, during, or after a trial to correct "any defect, imperfection, or omission in form or substance, or [to conform to] any variance with the evidence, provided no change is made in the name or identity of the crime charged." When amendments are permitted, Crim.R. 7(D) continues, a criminal defendant is entitled to a discharge of the jury and a reasonable continuance if (1) the amendment is to the substance of the indictment, and (2) the amendment prejudices the defense.
 {¶ 19} These limits to amendments contained in Crim.R. 7(D) help to protect the constitutional rights of a person accused of a felony. See Harris v. State (1932), 125 Ohio St. 257, 262, (a prerules case noting that a defect in an indictment cannot be cured if to do so would prejudice the constitutional rights of the accused). If amendments were allowed to change the identity of crimes charged, the danger would exist that an accused could be convicted "on an indictment essentially different from that found by the grand jury." Id. at 264.
 {¶ 20} Applied to this case, Crim.R. 7(D) gave the state the power to conform the dates of the offenses alleged in the indictment to the evidence presented at trial only if no change was made to the name or identity of the crimes charged. Whether an amendment changes the name or identity of a crime charged is a matter of law, State v. Anderson, Washington App. No. 03CA3,2004-Ohio-1033, and a change in the name or identity of a crime charged occurs when an indictment is so amended that the offense alleged in the indictment and the offense alleged in the amended indictment contain different elements that require independent proof. State v. Mullins (1997), 124 Ohio App.3d 112, 114.
 {¶ 21} Prior to the amendment in the case at bar, the offenses alleged in the indictment were two counts of rape in violation of R.C. 2907.02(A)(1)(b). Under this charging statute, the state was required to prove: (1) appellant engaged in sexual conduct with A.C., (2) A.C. was not his spouse, and (3) A.C. was less than 13 years of age. After the amendment, the state was still required to prove the same three elements. Only the dates on which the alleged crimes occurred were changed.
 {¶ 22} Ordinarily, dates and times are not essential elements of an indictment. Sellards, 17 Ohio St.3d at 171; see, also,Tesca v. State (1923), 108 Ohio St. 287 (holding exact date and time are immaterial unless exactness of time is essential). It is sufficient if it can be understood that the offense was committed at some time prior to the time of the filing of the indictment.Sellards, 17 Ohio St.3d at 171. Applying this rule, we find that dates and times are not essential elements of the charging statute in this case. See, also, State v. Madden (1984),15 Ohio App.3d 130, 132 (finding the exact time of an offense not an essential element of a statute prohibiting sex with a nonspouse less than 13 years of age).
 {¶ 23} We also note that this case involves sexual misconduct with a child. Particularly when indictments involve sexual misconduct with children, they need not specify the exact dates and times of the alleged offenses. See, e.g., State v. Daniel
(1984), 97 Ohio App.3d 548, 556-557. Under circumstances dealing with the memory of a child, reasonable allowances for inexact dates and times must be made. State v. Barnecut (1988),44 Ohio App.3d 149, 152.
 {¶ 24} Because the dates and times of the offenses alleged in this case are not essential elements of the crimes charged, the amendment to the indictment did not violate the requirements of Crim.R. 7. We find then, as a matter of law, that changing the dates of the offenses from 1997 to 1996 made no change to the name or identity of the crime with which appellant was charged.
 {¶ 25} We also find that appellant's constitutional right to be informed of the nature of the charge against him by indictment was not violated by the amendment. He was convicted on an indictment essentially the same as that found by the grand jury. The amendment changed only the year of the alleged misconduct, and the change in year would not have altered the grand jury's determination to indict.
 {¶ 26} Under the amended year, the grand jury would still have had a sufficient basis for believing appellant engaged in sexual conduct with a person who was not his spouse. The change in year could only have affected whether A.C. was under the age of 13 at the time of the offenses. Under either date, however, the record indicates that A.C. was under the age of 13 at the time of the offenses.
 {¶ 27} She was born in August 1986. If the offenses occurred in January and August 1997, as the unamended indictment indicated, A.C. would have been ten and eleven. If the offenses occurred in 1996, as the amended indictment indicated, she would have been nine and ten. In either case, the grand jury would still have had a sound factual basis to support the age element, as well as all the elements of the charging statute. See Statev. McBooth, Cuyahoga App. No. 82811, 2004-Ohio-1783, (finding a change in years would not have affected the grand jury's determination to indict for unlawful sexual conduct with a minor).
 {¶ 28} Appellant contends that the need for an amendment in this case did not result from the faulty memory of a child, but from the state's failure to conduct an adequate investigation into the facts of the case. Accordingly, appellant argues, the leeway generally given with respect to dates and times in cases involving child sexual abuse should not be permitted in this instance.
 {¶ 29} Appellant fails to recognize, however, that the faulty memory of a child is simply one reason for not requiring exact dates and times in an indictment, not the only reason. The rule that exact dates and times are not essential to an indictment still controls even if the incorrect dates in the indictment against appellant were not the product of a child's faulty memory. Appellant's argument, therefore, is without merit.
 {¶ 30} The requirement of Crim.R. 7 that amendments not change the name or identity of a charged crime was met in this case. The constitutional requirement that appellant be informed of the nature of charge against him by indictment was also satisfied. Consequently, we conclude the trial court did not abuse its discretion in granting the state's motion to amend the indictment.
 {¶ 31} However, this does not end our analysis. For as mentioned at the outset of our discussion, even when an amendment is permitted, if it is made to the substance of the indictment, then pursuant to Crim.R. 7(D):
 {¶ 32} "[T]he defendant is entitled to a discharge of the jury * * *, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury."
 {¶ 33} Analyzing this rule, the Ohio Supreme Court has stated that when an amendment is made to the substance of an indictment, the accused is entitled to a discharge of the jury on his motion and a reasonable continuance if he was misled or prejudiced by the amendment. State v. O'Brien (1987), 30 Ohio St.3d 122, 126. Our first question when applying Crim.R. 7(D), therefore, is whether the amendment was to the substance of the indictment. For if the amendment was not to the substance of the indictment, then a prejudice analysis is not necessary and appellant was not entitled to a discharge of the jury.
 {¶ 34} The addition of an essential element to an indictment is necessarily a change in substance. O'Brien,30 Ohio St.3d at 126. As we noted above, however, the date and time are not essential elements of the charging statute in this case. Furthermore, this court has previously held that a change in the dates of an indictment alleging sexual misconduct with a child is not a change in the substance of an indictment. Madden,15 Ohio App.3d at 132.
 {¶ 35} Under the facts of this case, the change in dates was not a change to the substance of the indictment. Therefore, a prejudice analysis is not necessary, and the trial court did not err in refusing to discharge the jury.
 {¶ 36} Nevertheless, even if we had found the change in dates was a change in the substance of the indictment, the evidence in this case would not have supported a finding that appellant was prejudiced by the amendment. He did not attempt to offer an alibi. To the contrary, he confessed to having sex with A.C. He also rejected a continuance that could have given him the time needed to prepare a defense in line with the amended dates. SeeState v. Napier (July 20, 1992), Clermont App. No. CA91-10-089 (finding no prejudice where the defendant turned down an offer for a continuance after the trial court granted the state's motion to amend).
 {¶ 37} We find that the trial court did not abuse its discretion in allowing the amendment to the indictment. We also find that appellant was not entitled to a discharge of the jury after the amendment. Both assignments of error are therefore overruled and the judgment is affirmed.
Powell, P.J., and Walsh, J., concur.