[Cite as *In re C.L.*, 2021-Ohio-3782.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

IN RE: : 

C.L. : CASE NO. CA2021-03-021

: O P I N I O N
  10/25/2021

:

:

:

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 20-N000488

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Ostrowski Law Firm Co., L.P.A., and Andrea G. Ostrowski, for appellant.

**HENDRICKSON, J.**

{¶1} Appellant, C.L., appeals a decision of the Warren County Court of Common Pleas, Juvenile Division, adjudicating him delinquent for illegal use of a minor in nudity-oriented material or performance. For the reasons detailed below, we affirm.

{¶2} In the summer of 2020, 13-year-old E.R. and 14-year-old M.B. were best friends. They cheered together and were in the same grade at school. At the beginning of

their eighth-grade year, E.R. learned that a nude photograph of her was circulating through the school. At her request, E.R. had another friend send her a copy of the circulating photograph, which showed her changing her clothes in her bedroom before the start of school. E.R. believed that M.B. had taken the picture because M.B.'s leg and blanket were also visible in the photograph. E.R. stated that she had not given M.B. permission to take the photograph or share it and was unaware that M.B. had even taken the photograph.

{¶3} E.R. became further convinced of M.B.'s involvement when she learned of text messages sent through Snapchat between M.B. and C.L. In the messages, M.B. asked C.L. if he had sent the photograph to anyone else. C.L. responded that he "didn't show many people," and then added "only football players." M.B. replied, "we are all getting in trouble now probably."

{¶4} When E.R. returned home, she was very upset and told her mother that M.B. "had sent out a picture of her to some boys." She then described the photograph to her mother. Later that night, E.R.'s mother saw the Snapchat conversation between M.B. and C.L. and decided to call the police.

{¶5} Deputy Kenneth Coleman responded to E.R.'s home. E.R. had already gone to bed so Deputy Coleman only spoke to her mother. The following day, E.R. and her mother went to the police station where they spoke with Deputy Coleman. During that meeting, E.R.'s mother provided written consent to search E.R.'s phone.

{¶6} Based upon the information provided, Deputy Coleman proceeded to M.B.'s residence where he spoke with M.B, obtained a statement from her, and collected her phone pursuant to a written consent to search.

{¶7} Deputy Coleman then went to C.L.'s residence. Deputy Coleman advised C.L.'s father that he had received information that C.L. had received a nude photograph of a minor and then sent the photograph to several others. He also conveyed the substance

of the Snapchat conversation between M.B. and C.L. Deputy Coleman also informed C.L.'s father that it was a criminal offense because the photograph was of a minor. Upon speaking to C.L., Deputy Coleman confirmed that M.B. had sent him the naked photograph of E.R. and that he, in turn, had shared it with another boy.

{¶8} On October 14, 2020, C.L. was charged by complaint in the juvenile court for illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony if committed by an adult. C.L. subsequently moved to suppress evidence, which the juvenile court denied. The juvenile court then heard testimony concerning the charged offense.

{¶9} After considering the testimony and exhibits presented at trial, the juvenile court found that the state had proven the elements of the offense beyond a reasonable doubt and adjudicated C.L. as delinquent. C.L. now appeals, raising three assignments of error for review. For ease of discussion, we will address C.L.'s assignments of error out of order.

{¶10} Assignment of Error No. 3:

{¶11} THE TRIAL COURT ERRED WHEN IT OVERRULED THE MOTION TO SUPPRESS WHEN THE DEFENDANT AND HIS PARENT DID NOT KNOW HE WAS THE SUBJECT OF THE INVESTIGATION.

{¶12} In his third assignment of error, C.L. alleges the juvenile court erred by denying his motion to suppress because he and his father were unaware that C.L. was the subject of the investigation. We overrule C.L.'s argument.

{¶13} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Gray*, 12th Dist. Butler No. CA2011-09-176, 2012-Ohio-4769, ¶ 15. When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence in order to resolve factual questions and evaluate

witness credibility. *State v. Vaughn*, 12th Dist. Fayette No. CA2014-05-012, 2015-Ohio-828, ¶ 8. In turn, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Dugan*, 12th Dist. Butler No. CA2012-04-081, 2013-Ohio-447, ¶ 10. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *State v. Runyon*, 12th Dist. Clermont No. CA2010-05-032, 2011-Ohio-263, ¶ 12.

{¶14} In order to determine whether a confession given by a juvenile is voluntary, "the court should consider the totality of the circumstances, including the age, mentality and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; and the existence of physical deprivation or inducement." *In re Howard*, 119 Ohio App.3d 33, 41-42 (12th Dist.1997), citing *In re Watson*, 47 Ohio St. 3d 86 (1989), paragraph one of the syllabus. A juvenile's confession is not rendered involuntary where the juvenile does not have either a parent or an attorney present. *Id.*

{¶15} C.L. does not allege that he was subjected to physical abuse, threats, or any other improper coercive treatment. Rather, he claims that the statements he made to Deputy Coleman were involuntary based on his claim that Deputy Coleman "did not tell the [C.L.'s father] or the child that the child was the focus of an investigation."

{¶16} We find C.L.'s argument to be without merit. In this case, Deputy Coleman first contacted C.L.'s father and stepmother. This entire incident, including Deputy Coleman's subsequent conversation with C.L., was captured on audio recording. The recording indicates that Deputy Coleman advised C.L.'s father that he had information that C.L. received a photograph of a nude minor and sent the photograph to another person. He also discussed the Snapchat conversation between C.L. and M.B. in which C.L. admitted to sending the photograph to a few people and M.B. indicated that they were going to get

in trouble. Deputy Coleman then stated that he wanted to speak with C.L. to see if he received and sent the photograph and warned that this was a criminal offense because it involved a minor.

{¶17} Contrary to the arguments C.L. raised during the suppression hearing or in this appeal, Deputy Coleman did not improperly imply or suggest that he was only investigating M.B. In fact, the record reflects that Deputy Coleman specifically warned of potential criminal implications. The conversation occurred in the entryway and dining room in C.L.'s home and lasted approximately 20 minutes. Because C.L. was not in custody, Deputy Coleman did not provide *Miranda* warning. *See State v. Biros*, 78 Ohio St.3d 426, 440 (1997) ("Only custodial interrogation triggers the need for *Miranda* warnings").

{¶18} Upon our review, we find the record supports the decision that, based upon the totality of the circumstances, C.L.'s decision to speak with Deputy Coleman was voluntary, knowing, and intelligent. The trial court did not err by denying C.L.'s motion to suppress. C.L.'s third assignment of error is overruled.

{¶19} Assignment of Error No. 1:

{¶20} THE EVIDENCE WAS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTIONS, AND THE VERDICT WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶21} In his first assignment of error, C.L. argues the juvenile court's decision adjudicating him delinquent for illegal use of a minor in nudity-oriented material or performance was based on insufficient evidence and was against the manifest weight of the evidence. We find C.L.'s argument is without merit.

{¶22} The standards of review applied in determining whether a juvenile court's finding of delinquency is supported by insufficient evidence or is against the manifest weight of the evidence are the same standards applied in adult criminal convictions. *In re D.L.B.*,

12th Dist. Fayette No. CA2011-09-019, 2012-Ohio-3045, ¶ 29.

{¶23} When reviewing the sufficiency of the evidence supporting a criminal conviction, an appellate court examines the entire record to determine whether the evidence, if believed, would convince the average mind of the defendant's guilt. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-053, 2014-Ohio-1584, ¶ 52. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, paragraph two of the syllabus.

{¶24} A manifest weight challenge scrutinizes the proclivity of the greater amount of credible evidence, offered at a trial, to support one side of the issue over another. *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. In assessing whether a conviction is against the manifest weight of the evidence, a reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶25} Because a finding that a conviction is supported by the manifest weight of the evidence also necessarily includes a finding that it is supported by sufficient evidence, the determination that a juvenile court's delinquency finding is supported by the manifest weight of the evidence will also be dispositive of an appellant's sufficiency claim. *In re K.F.*, 12th Dist. Butler No. CA2009-08-209, 2010-Ohio-734, ¶ 11.

{¶26} Pursuant to R.C. 2907.323(A)(3), "[n]o person shall * * * [p]ossess or view any material or performance that shows a minor or impaired person who is not the person's child or ward in a state of nudity * * *." As relevant here, nudity is defined as "the showing,

representation, or depiction of human male or female genitals, pubic area, or buttocks with less than a full, opaque covering, or of a female breast with less than a full, opaque covering of any portion thereof below the top of the nipple * * *."  R.C. 2907.01(H).

{¶27}  The Ohio Supreme Court interpreted R.C. 2907.323 to prohibit "the possession or viewing of material or performance of a minor who is in the state of nudity, where such nudity constitutes a lewd exhibition or involves a graphic focus on the genitals * * *."  *State v. Young*, 37 Ohio St.3d 249, 252, (1988).  The United States Supreme Court upheld the constitutionality of R.C. 2907.323 and approved of the Ohio Supreme Court's construction of the statute specific to the lewdness required to constitute a violation.  *See Osborne v. Ohio*, 495 U.S. 103, 114, 110 S.Ct. 1691 (1990) (holding that the statute was not overbroad because "by limiting the statute's operation in this manner, the Ohio Supreme Court avoided penalizing persons for viewing or possessing innocuous photographs of naked children").

{¶28}  C.L. asserts that the photograph does not involve lewd exhibition or a graphic focus on genitals and therefore does not satisfy the definition of "nudity" as prohibited in R.C. 2907.323.  Though E.R. is clearly naked in the photograph, C.L. emphasizes other facts, such as visible items in the background and the fact that the photograph is not zoomed on her breasts or genital area.  Rather, the photograph depicts E.R.'s entire body against a background depicting E.R.'s room.  In so doing, C.L. relies on a decision from the Second District.  *State v. Kerrigan*, 2d Dist. Greene No. 2005-CA-114, 2006-Ohio-4279.

{¶29}  In *Kerrigan*, the Second District analyzed the items seized from the defendant in terms of their lewdness.  *Id.* ¶ 28-30.  The materials consisted of videos documenting various European movements, similar to nudism, in which men and boys of various ages trained in a gymnasium, were instructed in boxing technique, swam in a pool, took a communal shower, and participated in a nudist family's everyday life.  *Id.* at ¶ 23-51.  The

court then concluded that the videos in question were not lewd because they did not focus on the genitals of the naked children, were not provocative, nor included suggestive poses or editing. *Id.* at ¶ 70.

{¶30} Following review, we find the trial court did not err by adjudicating C.L. a delinquent child for violation of R.C. 2907.323. The testimony established that C.L. possessed and shared a photograph of E.R., a 13-year-old minor, while she was in a state of nudity. Though the photograph is not zoomed in on E.R.'s genitalia, the photograph depicts E.R.'s entire body with naked breasts and exposed genital area. *See, e.g., State v. Woods*, 9th Dist. Summit No. 22267, 2005-Ohio-2681, ¶ 18 (photograph depicted a topless minor female with visible pubic hair); State v. Aguirre, 11th Dist. Portage No. 2010-P-0057, 2012-Ohio-644, ¶ 57 (minor male who was naked except for a football helmet and socks). We are not persuaded by C.L.'s argument that the photograph was not lewd. We likewise find *Kerrigan* to be distinguishable on the facts. Given the trial testimony, a rational trier of fact could have found that the photograph of a naked 13-year-old E.R., met the essential elements of illegal use of a minor in nudity-oriented material or performance beyond a reasonable doubt.

{¶31} C.L. separately argues that his conviction cannot be sustained because the state failed to establish when the photograph was taken or when he received it. However, R.C. 2907.323 prohibits the *possession* of nudity-oriented material; the state was not required to prove when, precisely, the photograph was taken or when C.L. received it. In this case, the state alleged that C.L. had possession of the photograph at some time between August 16, 2020, and September 15, 2020.[1] The record clearly reflects that C.L.

---

1. We recognize that the complaint also lists August 19, 2020, as the date the offense was committed; however, we find that reference immaterial as it also falls within the time period the state alleged the offense occurred.

had possession of the photograph at least by September 15, 2020, the day E.R. learned that the nude photograph was circulating throughout the school. C.L. also told Deputy Coleman in his September 16, 2020, interview that he received the photograph on "Sunday or Monday," which would have been September 13 or September 14, 2020, which falls within the time period in the complaint. Accordingly, we find the juvenile court did not err by adjudicating C.L. as delinquent for illegal use of a minor in nudity-oriented material or performance. C.L.'s adjudication is not based on insufficient evidence and is not against the manifest weight of the evidence. C.L.'s first assignment of error is overruled.

{¶32} Assignment of Error No. 2:

{¶33} THE TRIAL COURT ERRED WHEN IT ALLOWED THE COMPLAINT TO BE AMENDED DURING THE ADJUDICATORY HEARING.

{¶34} C.L.'s second assignment of error alleges the juvenile court erred when it allowed the state to amend the complaint. C.L.'s argument is without merit.

{¶35} A trial court's decision to amend a juvenile delinquency complaint will not be reversed absent an abuse of discretion. *In re K.L.R.*, 12th Dist. Warren No. CA2015-03-030, 2015-Ohio-4453, ¶ 11. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶36} Juv.R. 22(B) provides in relevant part:

> Any pleading may be amended at any time prior to the adjudicatory hearing. After the commencement of the adjudicatory hearing, a pleading may be amended upon agreement of the parties or, if the interests of justice require, upon order of the court. A complaint charging an act of delinquency may not be amended unless agreed by the parties, if the proposed amendment would change the name or identity of the specific violation of law so that it would be considered a change of the crime charged if committed by an adult.

{¶37} In the present case, the original complaint filed against C.L. stated:

On or about August 16, 2020, * * * [M.B.] was a guest at [E.R.'s] home * * *. While at the residence, [E.R.] and [M.B.] were in the same room as [E.R.] changed her clothes. While [E.R.] was nude, [M.B.] took a photo of her and shared the photo with a juvenile male identified as [C.L.]. [C.L.] shared the photo with other students at school.

{¶38} During trial, the state orally amended the date of the complaint to encompass the date the investigation began. Thus, the amendment specified that the conduct occurred sometime between the date listed in the complaint through September 15, 2020. The trial court permitted the amendment, noting that the state was not amending any factual allegations, merely the date.

{¶39} Following review, we find the juvenile court did not abuse its discretion in permitting the amendment. This court has repeatedly held that dates and times in an indictment are not essential elements of an offense and have upheld amendments to dates in indictments. *State v. Bokeno*, 12th Dist. Butler No. CA2011-03-044, 2012-Ohio-4218, ¶ 35-36; *State v. Collingsworth*, 12th Dist. Brown No. 2003-10-012, 2004-Ohio-5902, ¶ 24. Here, the amendment did not change the name or identity of the violation. C.L. was not prejudiced by the amendment and would not have altered his defense. C.L. admitted to possessing and distributing the photograph and the amendment did not alter the charged conduct. Accordingly, we find the juvenile court did not err by permitting the amendment. C.L.'s second assignment of error is overruled.

{¶40} Judgment affirmed

PIPER, P.J., and BYRNE, J., concur.