[Cite as *State v. Fisher*, 2022-Ohio-1363.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-08-026 |
| - vs - | : | O P I N I O N<br>4/25/2022 |
| | : | |
| MICHAEL E. FISHER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 20-500-020

Andrew T. McCoy, Clinton County Prosecuting Attorney, and Robert C. Logsdon, Assistant Prosecuting Attorney, for appellee.

Bieser, Greer, & Landis LLP, and Matthew M. Suellentrop, for appellant.

**PIPER, P.J.**

{¶ 1}  Appellant, Michael Fisher, appeals his conviction in the Clinton County Court of Common Pleas.

{¶ 2}  Fisher was indicted on one count of receiving stolen property in violation of R.C. 2913.51, a fourth-degree felony.[1]  The state originally alleged that between October

---

1. Fisher was also indicted on one count of tampering with evidence and two counts of tampering with identifying numbers.  However, those charges were ultimately dismissed by the state.

18, 2019, through October 22, 2019, Fisher did "receive, retain[,] or dispose of" a 2014 John Deere Utility Gator ("Gator"), a motorized four-wheel vehicle, while knowing or having reasonable cause to believe that it had been obtained through the commission of a theft offense. Fisher agreed to waive his right to a jury trial and the trial court set the matter for a bench trial.

{¶ 3} On January 21, 2021, the state moved to amend the original indictment to enlarge the time period for the offense. The state requested that the indictment be amended to read that the offense occurred on "October 18, 2019[,] through and including November 21, 2019." The state did not request the indictment be amended in any other manner.

{¶ 4} Fisher objected to the state's motion claiming it was "akin to altering the elements of the charge * * * or the State's burden of proof." Thereafter, the state and Fisher entered into an agreed motion to continue the date of the bench trial. Following argument, the trial court allowed the amendment, rescheduled the bench trial, and reopened discovery.

{¶ 5} On March 15, 2021, Fisher requested a bill of particulars, which the state provided. The bill of particulars stated:

> Between October 18, 2019, through and including November 21, 2019 * * * [Fisher] received, retained, and disposed of a 2014 John Deere Utility Gator * * *.

{¶ 6} Along with his request for a bill of particulars, Fisher also filed a motion to disclose grand jury transcripts. Following a hearing, the trial court denied Fisher's motion to disclose the transcripts.

{¶ 7} The trial court held a bench trial on May 6, 2021. The state introduced testimony from the victim who testified that her Gator had been stolen from her property. The victim stated that she reported the Gator stolen on October 22, 2019, but had last seen it on October 18, 2019. During the investigation, law enforcement learned that Robert

Powell had stolen the Gator and then sold or traded it to Fisher. [2]

{¶ 8}   On November 13, 2019, Lieutenant Estes went to Fisher's home and asked him if he had heard anything about stolen property.  Fisher replied that he heard Powell had stolen a Polaris RZR.  When asked if Powell had tried to sell him anything, Fisher denied it.  According to Lieutenant Estes, Fisher said that he knew Powell was a thief and would not buy anything from him.

{¶ 9}   As relevant here, Fisher has an extended family member named Rich Russell who lives locally.  On November 22, 2019, while on patrol, Detective Prickett became suspicious when he saw a motorized vehicle on Rich's property that matched the description of the stolen Gator.  Following up on his suspicions, Detective Prickett asked Rich if he had purchased the Gator from Fisher.  Rich responded affirmatively and told him that he paid $5,000 cash for it on November 14, 2019, or November 15, 2019.  This all-cash transaction would have occurred just one or two days after the conversation between Lieutenant Estes and Fisher in which Fisher denied purchasing anything from Robert Powell and described him as a thief.

{¶ 10} Following the bench trial, the trial court found Fisher guilty of receiving stolen property.  The trial court, however, did not find that the state had adequately proven the value of the Gator and therefore entered a guilty finding to a reduced fifth-degree felony, a lesser-included offense.  The trial court sentenced Fisher to community control.  Fisher now appeals, raising two assignments of error for review.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED IN GRANTING THE STATE'S MOTION TO

---

2. Lieutenant Douglas Estes testified that he received information that Powell had sold or traded the Gator to Fisher for a Ford Thunderbird.  He further testified that the transaction involved disproportionate value.  While the Gator was worth thousands of dollars, Lieutenant Estes testified that the Ford Thunderbird "was junk, didn't run, and it was old.  * * * it wasn't probably worth 500 bucks."

AMEND THE INDICTMENT.

{¶ 13} In his first assignment of error, Fisher argues the trial court erred by granting the state's motion to amend the indictment. However, an indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant of the charge, and enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *State v. Clements*, 12th Dist. Butler No. CA2009-11-277, 2010-Ohio-4801, ¶ 8. "The purpose of a charging instrument is to inform the accused that a charge has been lodged against him and to provide him with an indication of the nature of that charge." *State v. Oliver*, 12th Dist. Clermont No. CA2020-07-041, 2021-Ohio-2543, ¶ 31; Crim. R. 7 (indictment must contain words "sufficient to give the defendant notice of all the elements with which [he] is charged").

{¶ 14} Crim.R. 7(D) provides that a trial court may amend an indictment any time before, during, or after a trial to correct "any defect, imperfection, or omission in form or substance, or [to conform to] any variance with the evidence, provided no change is made in the name or identity of the crime charged." A trial court's decision to allow an amendment is reviewed under the abuse of discretion standard. *State v. Collinsworth*, 12th Dist. Brown No. CA2003-10-012, 2004-Ohio-5902, ¶ 14. An abuse of discretion is not merely an error of law or judgment, but an implication that the court's attitude was unreasonable, arbitrary, or unconscionable. *State v. Worship*, 12th Dist. Warren No. CA2020-09-055, 2022-Ohio-52, ¶ 12.

{¶ 15} On appeal, Fisher complains that the amendment to the indictment "was the functional equivalent to altering the elements of the charge(s) and/or the State's burden of proof in this case." He further alleges that the amendment rendered the indictment "unconstitutionally duplicitous and in violation of [his] right to due process of law" and maintains that the amendment had a detrimental impact on his defense strategy.

{¶ 16} Upon reviewing the record, we find the trial court did not abuse its discretion in granting the amendment. In this case, Fisher was indicted on one count of receiving stolen property in violation of R.C. 2913.51. According to that statute, "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

{¶ 17} Prior to trial, the state moved to amend the indictment to enlarge the timeframe in which the offense occurred. The state did not request any further amendment. Contrary to the arguments Fisher raises in this appeal, the record plainly reflects that the amendment did not change the name or identity of the crime charged; it merely changed the time period in which the crime occurred. This court has repeatedly held that dates and times in an indictment are not essential elements of an offense and we have consistently upheld amendments to dates in indictments. *In re C.L.*, 12th Dist. Warren No. CA2021-03-021, 2021-Ohio-3782, ¶ 39; *State v. Bokeno*, 12th Dist. Butler No. CA2011-03-044, 2012-Ohio-4218, ¶ 35; *State v. Collinsworth*, 12th Dist. Brown No. CA2003-10-012, 2004-Ohio-5902, ¶ 24.

{¶ 18} In this case, the state presented evidence that the Gator was stolen between October 18, 2019, and October 22, 2019. Lieutenant Estes testified that he spoke with Fisher on November 13, 2019, about a report concerning Robert Powell and stolen property. During this exchange, Fisher was less than forthcoming and denied purchasing anything from Powell. The state then presented the testimony of Rich, who testified that he purchased the stolen Gator from Fisher on November 14, 2019, or November 15, 2019. As a result, the evidence introduced by the state was consistent with the amended indictment. Fisher's argument that the amendment somehow altered the name or identity of the offense, or even the state's burden of proof, is without merit.

{¶ 19} Additionally, Fisher argues that the amendment was duplicitous. Duplicity in

an indictment is the joining of two or more separate offenses into a single count. *State v. Miller*, 5th Dist. Delaware No.17 CAA 08 0062, 2018-Ohio-3481, ¶ 55; *State v. Moore*, 8th Dist. Cuyahoga No. 80416, 2003-Ohio-1154, ¶ 43; *United States v. Murray*, 618 F.2d 892, 896 (2nd Cir.1980) (an indictment is duplicitous if it joins two or more distinct crimes in a single count). "'The prohibition against duplicity is geared to protect the accused's Sixth Amendment right to notice of the nature of the charge against him and prevent confusion as to the basis of the verdict.'" *Miller* at ¶ 55, quoting *State v. Smith*, 9th Dist. Summit No. 8869, 1978 Ohio App. LEXIS 8415, *3 (Oct. 4, 1978).

{¶ 20} However, nothing about the indictment or the amendment to the indictment was duplicitous. While R.C. 2913.51 may be written in the disjunctive to prohibit an individual from receiving, retaining, or disposing of stolen property, it is still a single offense. The evidence established that Fisher knew the Gator was stolen, yet received it, retained it, and then disposed of it.

{¶ 21} We further note that the primary concern with duplicity is that a defendant may be deprived of his right to a unanimous jury verdict. *United State v. Kakos*, 483 F.3d 441, 443-444 (6th Cir. 2007). "That is, a jury might return a guilty verdict on the single count submitted to them without all twelve jurors agreeing that the defendant committed either of the offenses charged within that count." *Id.* This case does not implicate such concerns because Fisher submitted a jury waiver, and his case was tried to the bench.

{¶ 22} In addition, Fisher was not prejudiced by the amendment. As noted above, the exact date is not an element of the offense nor is there any suggestion that Fisher intended to declare an alibi defense rendering the exact date material. *Bokeno*, 2012-Ohio-4218 at ¶ 38. Furthermore, even if the amendment had been prejudicial, Civ.R. 7(D) sets forth that the specific remedy is the continuance of the case. *Miller*, 2018-Ohio-3481 at ¶ 60; R.C. 2941.28(B).

{¶ 23} In the matter sub judice, the trial court granted the state's motion to amend the indictment during a hearing on February 16, 2021, and then continued the case. In addition to rescheduling the bench trial, the trial court also reopened discovery. The bench trial was ultimately held on May 6, 2021. Accordingly, Fisher had more than two-and-one-half months of notice prior to the bench trial. He also requested and received a bill of particulars on March 23, 2021, in which the state alleged that Fisher possessed the stolen Gator on the dates listed in the amended indictment. The trial court did not abuse its discretion in permitting the amendment nor did Fisher suffer any prejudice. Fisher's first assignment of error is without merit and is overruled.

{¶ 24} Assignment of Error No. 2:

{¶ 25} THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO DISCLOSE GRAND JURY TRANSCRIPTS.

{¶ 26} In his second assignment of error, Fisher argues the trial court erred by overruling his motion to disclose grand jury transcripts. Fisher argues that the amendment to the indictment "made it impossible to determine whether the grand jury found probable cause of criminal conduct." Fisher's argument is without merit.

{¶ 27} Grand jury proceedings are secret, and a defendant has no right to inspect grand jury transcripts either before or during trial unless the "ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." *State v. Greer*, 66 Ohio St.2d 139 (1981), paragraph two of the syllabus. "A defendant establishes a particularized need for grand jury transcripts when the circumstances reveal a probability that 'the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony.'" *State v. Alhashimi*, 12th Dist. Warren Nos. CA2016-07-065 and CA2017-07-066, 2017-Ohio-7658, ¶ 16, quoting *Greer* at paragraph three of the syllabus.

{¶ 28} This determination is a fact question left to the sound discretion of the trial court. *State v. Widmer*, 12th Dist. Warren No. CA2012-02-008, 2013-Ohio-62, ¶ 154. Accordingly, "[a] decision denying the release of the grand jury transcript will not be reversed absent an abuse of discretion." *Alhashimi* at ¶ 17.

{¶ 29} Fisher's argument largely incorporates claims made in support of his first assignment of error. Fisher argues that the disclosure of grand jury transcripts was necessary because it was impossible to determine whether the grand jury found probable cause based on the dates contained in the original indictment or the dates contained in the amended indictment.

{¶ 30} However, as noted above, neither the time nor the date of the offense were material elements of the offense. The state proved beyond a reasonable doubt that the Gator went missing between October 18, 2019, and October 22, 2019, and was found again on November 22, 2019. During that time, the state presented evidence that Fisher received the Gator, retained it, and then ultimately disposed of it when he sold it to Rich.

{¶ 31} Fisher was found guilty of one count of receiving stolen property. He does not articulate any specific fact that demonstrates a particular need for grand jury testimony and provides no reasonable basis for suspicion that the indictment was not supported by probable cause. He also fails to establish that he was deprived of a fair adjudication in this matter. This is not a situation where the "ends of justice" require an invasion of the grand jury secrecy necessary to facilitate its proceedings. Therefore, Fisher's second assignment of error is also overruled.

{¶ 32} Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.